UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELVIN A. McCABE,<br><br>               Plaintiff,<br><br>      v.<br><br>THE IDAHO STATE BOARD OF CORRECTION; THE IDAHO STATE DEPARTMENT OF CORRCTION; and IDAHO CORRECTIONAL INDUSTRY VOCATIONAL WORK PRODUCTS,<br><br>               Defendants. | Case No. 1:17-CV-00458-CWD<br><br>**MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT (DKT 36)** |

## INTRODUCTION

Before the Court is a motion for summary judgment filed by Defendants the Idaho State Board of Correction; the Idaho State Department of Correction (IDOC); and Idaho Correctional Industry Vocational Work Products (ICI). (Dkt. 36.) Defendants seek judgment as a matter of law on all of the claims in the complaint.

Having fully reviewed the record herein, the Court finds that the facts and legal

**MEMORANDUM ORDER -** 1

arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be decided on the record without oral argument. For the reasons that follow, the Court will grant the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

At the time the complaint was filed, Plaintiff Melvin A. McCabe was in the custody of IDOC at the South Idaho Correctional Institution (SICI).[1] It is undisputed that Mr. McCabe is disabled due to the amputation of his left hand and left leg; the removal of his right eye; and damage to his left eye.[2] "With artificial enhancements, [Mr.] McCabe is fully mobile with the ability to walk, climb stairs, lift objects, and obtain a valid driver's license." (Dkt. 10 at 2.) Mr. McCabe claims that, while in custody, he was denied inmate-employment positions and preferred housing placements because of his disability.

Mr. McCabe asserts he was qualified for but excluded from participating in various work assignments through Vocational Work Projects while at SICI, including: fire crew; roadway maintenance; agricultural crew; and meat packing crew. (Dkt. 10 at 3-8); (Dkt. 36-4 at 48.) Mr. McCabe argues his request to be housed at the Saint Anthony Work Camp (SAWC), where other employment and program opportunities were available, was also denied because of his disability. Further, Mr. McCabe alleges there exists a policy or practice of discriminating against inmates with disabilities or physical

---

[1] Mr. McCabe is no longer in the custody of IDOC. (Dkt. 32, 34.)

[2] Mr. McCabe's disabilities are the result of a dynamite explosion in October of 1991. (Dkt. 3 at ¶ 3.)

**MEMORANDUM ORDER -** 2

impediments from participating in a Community Reentry Center (CRC) – specifically individuals who require a bottom bunk placement. (Dkt. 10 at 4.)

Mr. McCabe brought this action *pro se* against the Defendants on November 3, 2017. (Dkt. 3.) The operative pleading alleges violations of Titles I and II the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (ADA); the ADA's implementing regulations, 28 C.F.R. § 35.101 *et seq*.; and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. (Dkt. 10.) Mr. McCabe seeks monetary relief for the compensation he claims he could have made while in custody but was denied due to the Defendants' "acts of discrimination," as well as general damages in the amount of $50,000. (Dkt. 36-4, Ex. A at 68-69.)[3]

Following initial review of the complaint and a successive review of the amended complaint, the Court determined Mr. McCabe had failed to state claim upon which relief may be granted and dismissed the case. (Dkt. 8, 12.) The Ninth Circuit concluded otherwise and remanded the matter. (Dkt. 20.) The case was reopened and reassigned to the undersigned Magistrate Judge before whom all parties have consented to proceed under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 33.) On December 10, 2019, Defendants filed the motion for summary judgment presently before the Court. (Dkt. 36.) No response has been filed and the time for doing so has passed. The motion is ripe for the Court's consideration. For the reasons that follow, the motion will be granted.

---

[3] Mr. McCabe withdrew his request for injunctive relief during his deposition. (Dkt. 36-4, Ex. A at 70.)

**MEMORANDUM ORDER -** 3

## STANDARD OF LAW

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates "there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). Evidence includes "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits...." *DeVries v. DeLaval, Inc.*, 2006 WL 1582179, at *5 (D. Idaho June 1, 2006), report and recommendation adopted, 2006 WL 2325176 (D. Idaho Aug. 9, 2006). Conclusory, nonspecific statements in affidavits are not sufficient; and, the court will not presume "missing facts." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). However, "a pro se complaint will be liberally construed…." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

The moving party bears the initial burden to show no material fact is in dispute and a favorable judgment is due as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets this initial burden, the non-moving party must identify facts showing a genuine issue for trial to defeat the motion for summary judgment. *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). The Court must grant summary judgment if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**MEMORANDUM ORDER -** 4

## DISCUSSION

Defendants argue summary judgment should be entered on all claims because the ADA claims are barred by sovereign immunity and no genuine issue of material fact exists to support any of the claims. (Dkt. 36.)

**1.     Eleventh Amendment Sovereign Immunity**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Sovereign immunity extends "to suits by citizens against their own States," *Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), and to state "instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. Of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). Congress may, however, abrogate a state's sovereign immunity. *See Garrett*, 531 U.S. at 364 ("Congress may subject nonconsenting States to suit in federal court when it does so pursuant to a valid exercise of its § 5 power.")).

**A.     Title I of the ADA Claim**

Mr. McCabe's claim for monetary damages under Title I of the ADA is barred by the Eleventh Amendment. A plaintiff is not entitled to monetary damages against defendants sued in their official capacities (i.e., claims effectively against the State itself) because such claims are barred by the sovereign immunity established by the Eleventh Amendment. *See, e.g., Tennessee v. Lane*, 541 U.S. 509, 514 (2004) (citing *Garrett*, 531 U.S. at 363); *Aholelei v. Dept. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). The

motion for summary judgment will be granted on the claim made under Title I of the ADA.

      **B.**      **Tile II of the ADA and the Rehabilitation Act Claims**

Mr. McCabe's claims under Title II of the ADA and the Rehabilitation Act, however, are not barred by the Eleventh Amendment. *See Okwu v. McKim*, 682 F.3d 841, 845 (9th Cir. 2012) ("Title II abrogates a state's Eleventh Amendment immunity.") (citing *Phiffer v. Columbia River Corr'l Inst.*, 384 F.3d 791, 792 (9th Cir. 2004) (per curiam) (Ninth Circuit "precedent clearly commands that the State is not entitled to Eleventh Amendment immunity under Title II of the ADA."). Defendants argue Title II's abrogation of the Eleventh Amendment is limited to conduct that actually violates the Fourteenth Amendment. (Dkt. 36 at 5.) However, many district courts in the Ninth Circuit have declined to adopt this argument, opting instead to apply the Ninth Circuit's straightforward holding that Title II abrogated sovereign immunity. *See Olson v. Allen*, 2019 WL 1232834, at *3 (D. Or. March 15, 2019) ("Title II abrogates [the state's] Eleventh Amendment immunity regardless of whether [plaintiff]'s claim implicates a fundamental right.") (citing cases).

This Court agrees with the analysis and approach taken by these courts and concludes Mr. McCabe's claims brought under Title II of the ADA and Rehabilitation Act are not barred by the Eleventh Amendment. *Id.*; *see also Bozeman v. Santoro*, 2019 WL 4273927, at *4 (E.D. Cal. Sept. 10, 2019). The Court will, therefore, consider below the merits of the motion as to the Title II ADA and Rehabilitation Act claims.

**MEMORANDUM ORDER -** 6

**2.    Summary Judgment on Title II of the ADA and Rehabilitation Act Claims**

Title II of the ADA prohibits discrimination on the basis of disability, providing: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege:

> (1) he [or she] is an individual with a disability; (2) he [or she] is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he [or she] was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his or her] disability.

*Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021 (9th Cir. 2010).

Similarly, to state a claim under Section 504 of the Rehabilitation Act, a plaintiff must allege:

> (1) he [or she] is an individual with a disability; (2) he [or she] is otherwise qualified to receive the benefit; (3) he [or she] was denied the benefits of the program solely by reason of his [or her] disability; and (4) the program receives federal financial assistance.

*Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) ("Title II of the ADA was expressly modeled after [Section] 504 of the Rehabilitation Act."). In general, a complaint that properly states a claim under Title II of the ADA, also states a claim under Section 504 of the Rehabilitation Act. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n. 11 (9th Cir. 1999) ("[C]ourts have applied the same analysis to claims brought under both statutes"); *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997) ("Congress has directed that the ADA and [Rehabilitation Act] be construed

**MEMORANDUM ORDER -** 7

consistently.").

The Ninth Circuit has held that a prison inmate may state claims under both the ADA and the Rehabilitation Act based on allegations "that [the inmate] was improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." *Armstrong*, 124 F.3d at 1023 (citing *Duffy v. Riveland*, 98 F.3d 447, 453–56 (9th Cir. 1996)).

Defendants do not dispute that Mr. McCabe is an individual with a disability and, for purposes of this motion, assume he was otherwise qualified to participate in SAWC and Vocational Work Products at SICI. (Dkt. 36 at 10.) Defendants argue, however, that Mr. McCabe was not discriminated against or denied the ability to participate in a government program because of his disability and that there is no policy or practice excluding individuals with disabilities from Vocational Work Project assignments or placement at SAWC or CRCs. (Dkt. 36.)

Defendants have presented evidence showing Mr. McCabe was employed in several capacities through Vocational Work Products while he was at SICI, including: recycling crew, landscaping crew, paint crew, and was certified as a flagger for road crews. (Dkt. 36-2, SUF at ¶ 8). Defendants maintain Mr. McCabe was not denied the other work assignments he sought because of his disabilities. (Dkt. 36 at 11.) Instead, Defendants point out, Mr. McCabe withdrew himself from consideration to work in the meat packing plant; Mr. McCabe's ability to work on road crews was limited to jobs where he could be placed in a fixed location; and the paint crew had limited availability

because of its short working season. (Dkt. 36-2, SUF at ¶¶ 4, 5, 7.)[4] Defendants also submitted evidence showing there is no policy, written or unwritten, that excludes or discriminates against individuals with disabilities from placement at SAWC or CRC. (Dkt. 36-2, SUF at ¶¶ 8-12.)

Mr. McCabe has not responded to the motion nor presented any evidence beyond the attachments to his complaints. (Dkt. 3, 10.)[5] Because Mr. McCabe is *pro se*, the Court has considered as evidence in opposition to summary judgment all of Mr. McCabe's contentions offered in his pleadings and supporting submissions that are based on personal knowledge and that set forth facts that would be admissible in evidence. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly"); *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (An affidavit may be used in opposing a motion for summary judgment, as long as it is based on personal knowledge and sets forth facts that would be admissible in evidence.). Plaintiff must still, however, comply with the Federal Rules of Civil Procedure. *Thomas*, 611 F.3d at 1150 ("an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules"). Allegations that are based merely on the plaintiff's belief are insufficient to oppose summary judgment, as are unsupported conjecture and

---

[4] Defendants note Plaintiff was assigned to the paint crew twice in 2018 despite the limited availability. (Dkt. 36-2, SUF at ¶ 7.)

[5] Mr. McCabe was served with appropriate notice advising him of the requirements of summary judgment under Federal Rule of Civil Procedure 56. (Dkt. 37); *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

**MEMORANDUM ORDER -** 9

conclusory statements. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 n.1 (9th Cir. 1987) (per curiam).

Here, neither of Mr. McCabe's complaints are verified and both make only unsupported conclusory assertions. (Dkt. 3, 10.) A "summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Parks v. McEvoy*, 2015 WL 435463, at *4 (N.D. Cal. Feb. 2, 2015) (plaintiff's conclusory statement unaccompanied by any details as to the basis for it was insufficient to defeat the motion for summary judgment).

Mr. McCabe has filed an affidavit in support of his initial complaint. (Dkt. 3.) An "affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Mr. McCabe's affidavit contains one assertion which he attests is based on his personal knowledge: "that other non-disabled inmates with institutional disciplinary records have been placed at [CRCs], work projects camp crews, CRC driver positions, and [SAWC] numerous times." (Dkt. 3-1, Aff. McCabe at ¶ 5.) The remainder of the contentions in the affidavit are self-serving, conclusory, and unsupported.

The documents attached to the pleadings include: a grievance Mr. McCabe filed in 2017 while at SICI alleging discrimination when he was not selected for placement at a CRC or SAWC; IDOC's responses to his grievance; a 2017 notice of claim; and the 2016

**MEMORANDUM ORDER -** 10

operating plan for IDOC fire crews. (Dkt. 3, 10.)[6] Even construing Mr. McCabe's *pro se* filings liberally, the Court finds the pleadings and supporting materials do not refute the Defendants' evidence nor give rise to a genuine issue of material fact. *Thomas*, 611 F.3d at 1150. In fact, just the opposite is true.

Consistent with the evidence Defendants have presented on this motion, IDOC's responses to Mr. McCabe's 2017 grievance stated that the process for placement at CRCs and SAWC did not exclude individuals with a disability and that inmates with medical and mental heath concerns were approved for placement at those facilities, including individuals requiring bottom bunk assignments. (Dkt. 36-2, SUF at ¶¶ 11-12.) Further, Mr. McCabe was given several work assignments through Vocational Work Projects while at IDOC. The fact that Mr. McCabe was not given his preference of job assignments, does not establish that he was excluded or denied the benefits of the work programs because of his disability. In whole, Mr. McCabe has not pointed to any evidence to support his claims of discrimination.

For these reasons, the Court will grant summary judgment in favor of Defendants on the Title II ADA and Rehabilitation Act claims; no genuine issue of material fact is presented with regard to Mr. McCabe's claim that he was denied employment

---

[6] During his deposition, Mr. McCabe stated the evidence supporting his claim of a policy of discriminating against individuals requiring a bottom bunk from placement at a CRC was a conversation he had with a transport officer; three other inmates who claimed they had similar grievances; institutional records of transfers associated with bottom bunk memos and removals from CRCs; and Mr. McCabe's concern forms and written denial. (Dkt. 36-4, McCabe Depo. at 41-47.) The only evidence in the record, however, are the attachments to Mr. McCabe's amended complaint referenced herein. (Dkt. 3, 10.)

**MEMORANDUM ORDER -** 11

opportunities because of his disability.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion for Summary Judgment (Dkt. 36) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

DATED: May 29, 2020

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM ORDER -** 12